IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02975-WJM

GONZALO PEREZ, and all others similarly situated,

      Plaintiff,

v.

DOUGLAS COUNTY SHERIFF DEPARTMENT,
GRAND COUNTY SHERIFF DEPARTMENT,
CITIES OF WINTER PARK-FRASER POLICE DEPARTMENT,
DENVER COUNTY SHERIFF DEPARTMENT,
CITY OF DENVER POLICE DEPARTMENT, and
ADAMS COUNTY SHERIFF DEPARTMENT,

      Defendants.

---

**ORDER**

---

This matter comes before the Court on plaintiff Gonzalo[1] Perez's *pro se* Motion for Temporary Restraining Order and Preliminary Injunctive Relief [Docket No. 2].[2]  For the reasons discussed below, the Motion for a Temporary Restraining Order ("TRO") is denied.

---

[1]The complaint identifies plaintiff's first name as "Gonzalo." *See* Docket No. 1.  In the motion for a temporary restraining order, however, plaintiff's first name is listed as "Gerardo." *See* Docket No. 2.  The Court liberally construes the pleadings to assume that "Gerardo" and "Gonzalo" refer to the same plaintiff.

[2] This case is assigned to William J. Martinez, United States District Judge. Based on Judge Martinez's unavailability and the nature of this motion, the motion was assigned to the undersigned via random draw.

## I. BACKGROUND

On November 16, 2011, plaintiff filed the instant motion for a TRO.  Plaintiff asks the Court to restrain the Douglas County Sheriff Department, the Grand County Sheriff Department, the City of Winter Park-Fraser Police Department, the Denver County Sheriff Department, the City of Denver Police Department, and the Adams County Sheriff Department (collectively "defendants") from illegally removing plaintiff from his property without a court order.  Plaintiff's motion alleges that defendants harass minorities by subjecting them to untimely evictions and that defendants' actions have led to the loss and vandalism of plaintiff's property.  In the complaint, plaintiff alleges that he has been subject to civil rights violations, hate crimes, and several violations of the Fair Housing Act, 42 U.S.C. § 3604.  Plaintiff also claims that an abusive realtor has harassed his family using derogatory and racist insults.  Plaintiff asserts that, since the realtor called the Douglas County Sheriff Department, Sheriff Deputies have been stationed outside of his house and have made threats to arrest plaintiff.  Plaintiff seeks an *ex parte* TRO to prohibit defendants' harassing behavior.  Plaintiff states that he has not provided defendants with notice of the TRO because he fears retaliation from defendants.

Because plaintiff is not represented by an attorney, the Court must construe the instant motion and other papers filed by plaintiff liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

The precise factual basis for plaintiff's claims is unclear.  However, plaintiff alleges civil rights violations performed by state actors as well as violations of the Fair Housing Act, 42 U.S.C. § 3604.  Therefore, the plaintiff appears to invoke the Court's jurisdiction under 28 U.S.C. § 1331.

## II.  ANALYSIS

Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that a TRO may be granted without written or oral notice to the adverse party or that party's attorney only if:

> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and
>
> (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Here, plaintiff has failed to comply with the requirements of Rule 65(b)(1). Plaintiff does not attach an affidavit and has not filed a verified complaint.  A verified complaint is a complaint that is sworn under penalty of perjury or signed by a notary public.  *See* 28 U.S.C. § 1746; *Schuh v. Mich. Dept. of Corrections*, 2010 WL 3648876, at *1 (W.D. Mich. July 26, 2010).  Moreover, the motion does not contain "specific facts" demonstrating "immediate and irreparable injury" before the adverse party can be heard in opposition.  Although plaintiff claims that he fears retaliation in his Information for Temporary Restraining Order [Docket No. 2-1], he fails to provide any facts to support such claim.  Local Rule 65.1A makes clear that "[e]xcept in accordance with Fed. R. Civ. P. 65(b), the court will not consider an ex parte motion for temporary restraining

order."  D.C.COLO.LCivR 65.1A.  Thus, plaintiff's *ex parte* motion must be denied for

failing to comply with Rule 65(b)(1).

Even if plaintiff had complied with Rule 65(b)(1), the vague nature of plaintiff's

allegations would lead to a denial of plaintiff's motion.  A party seeking a preliminary

injunction or a temporary restraining order must show (1) a likelihood of success on the

merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of

preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that

the injunction is in the public interest.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208

(10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7,

20 (2008)).  The Tenth Circuit has made it clear that "because a preliminary injunction

is an extraordinary remedy, the right to relief must be clear and unequivocal."

*Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th

Cir. 2009).  The same considerations apply to the issuance of a temporary restraining

order.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

### A.   Likelihood of Success on the Merits

Plaintiff has failed to make a sufficient showing that he has a likelihood of

success on the merits.  Under 42 U.S.C. § 3604, it is unlawful to discriminate against

any person in the terms of "sale or rental of a dwelling, or in the provision of services."

42 U.S.C. § 3604(b).  Most of plaintiff's allegations in the motion are general allegations

that are not tied to any specific claim for relief.  *See, e.g.,* Docket No. 2 at 2, ¶ 5

("Defendants have systematically targeted minorities in wrongful evictions.").  Plaintiff

fails to allege any supporting factual allegations that would give the Court a basis to determine whether plaintiff has a likelihood of success on the merits.

The most specific allegation concerns plaintiff's claim that a realtor attacked and threatened his family in connection with plaintiff's property.  Docket No. 1 at 3.  Plaintiff then asserts that the realtor sought the help of the Douglas County Sheriff Department to remove plaintiff from his residence.  However, plaintiff has not explained why he was being removed from his residence, why the Douglas County Sheriff's Department was called to assist, and what actions of the Sheriff's Department were discriminatory. Moreover, these allegations against defendant show no likelihood of success against other defendants.[3]  Thus, without more, plaintiff is unlikely to succeed on a claim that the defendants acted with discriminatory animus in connection with the "sale or rental" of a residence.

### B.  Irreparable Harm

Plaintiff has also failed to make a showing of irreparable harm.  To satisfy the irreparable harm requirement, a plaintiff must demonstrate "a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages."  *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003).  Here, plaintiff does not state any facts to show why he is subject to irreparable harm.  Plaintiff alleges that an injunction is needed to "prevent further Damages, Retaliation and harm to the public and minor children of Plaintiffs."  Docket No. 2 at 2, ¶

---

[3] Although plaintiff purports to assert claims on behalf of all similarly situated plaintiffs subject to discriminatory actions by the same defendants, the Court has only considered those allegations specific to plaintiff since no class has been certified by the Court.  *See* Fed. R. Civ. P. 23.

9.  However, plaintiff fails to allege specifically what actions defendants are taking, the imminence of such further actions, and why monetary damages would not compensate him for the violations of his rights.  Thus, plaintiff has failed to show irreparable harm.

### C.   Balance of Equities and Public Interest

Plaintiff has not made a sufficient showing that the balance of equities tips in his favor or that an injunction would be in the public interest.  Plaintiff alleges that a temporary restraining order is necessary to preserve the status quo.  Docket No. 2 at 2, ¶ 12.  However, plaintiff has failed to allege exactly what defendants are doing to violate the Fair Housing Act and has not shown that defendants have acted with discriminatory animus.  Moreover, plaintiff fails to identify what relief he seeks.  Plaintiff simply asks the Court "for a Temporary Restraining Order; and INJUNCTIVE RELIEF for such other and further relief as to [sic] the Court seems just and proper."  Docket No. 2 at 3.  Without knowing what actions of the defendants the plaintiff wants the Court to enjoin, the Court cannot find in plaintiff's favor as to either of these factors.  Therefore, neither the balance of the equities nor the public interest weighs in plaintiff's favor.

### III.  CONCLUSION

Accordingly, it is

**ORDERED** that plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief [Docket No. 2] is **DENIED**.

DATED November 17, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

6