IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02975-WJM-KLM

GONZALO PEREZ, and all others similarly situated, and
JULIO ARREGUIN,

    Plaintiffs,

v.

DOUGLAS COUNTY SHERIFF DEPT.,
GRAND COUNTY SHERIFF DEPT.,
CITIES OF WINTER PARK - FRASER POLICE DEPT.,
DENVER COUNTY SHERIFF DEPT.,
CITY OF DENVER POLICE DEPT.,
ADAMS COUNTY SHERIFF DEPT.,
AURORA POLICE DEPARTMENT,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court *sua sponte*. On January 19, 2012, the Court issued an Order to Show Cause directing Plaintiff Perez to show cause, in writing and filed with the Court on or before February 20, 2012, as to why this case should not be dismissed due to his failure to timely serve Defendants with the summons and complaint [#11].[1] Pursuant to District Judge Martínez' Order entered November 21, 2011 [#4], Plaintiffs were directed to effect service of the summons and complaint no later than 30 days from the date of the Order, which was December 21, 2011. To date, no Plaintiff has responded to the Order to Show Cause, nor is there any indication on the docket that service has been effected.

---

[1] Until the District Judge's Order of February 21, 2012, Plaintiff Perez was the only individual Plaintiff identified on the docket. *See* [#13].

1

On February 17, 2012, a motion to voluntarily dismiss this case was filed and signed by some, but not all, individual Plaintiffs referred to in the Complaint [## 1, 12]. On February 21, 2012, the District Judge granted the motion to dismiss in part, only as to the individuals who signed the motion [#13]. The case remains pending as to Plaintiffs Perez and Arreguin.

Pursuant to Fed. R. Civ. P. 4(m) and 41(b), the Court respectfully recommends that this case be dismissed without prejudice due to Plaintiffs Perez' and Arreguin's failure to timely effect service and failure to prosecute this lawsuit. Regarding Rule 4(m), the Court notes that the time for service pursuant to Rule 4(m) does not expire until March 15, 2012, as Plaintiffs filed their Complaint on November 16, 2011. However, the District Judge ordered a specific deadline for service [#4], and the Plaintiffs failed to comply with that Order, which in turn has caused interference with the Court's setting of a Scheduling Conference and ability to ensure "the just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1.

Furthermore, Plaintiffs Perez and Arreguin failed to comply with the Order to Show Cause [#11]. Plaintiffs did not respond to the Order to Show Cause as instructed. The Plaintiffs' general noncompliance with Court orders and the motion to voluntarily dismiss this action [#12] indicate to the Court that Plaintiffs have no interest in prosecuting their case.

Therefore, the Court recommends dismissal without prejudice pursuant to Rule 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that a district court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to plaintiff's failure to prosecute); D.C.COLO.LCivR 41.1 ("If good cause is not shown within the time set in the show cause order, a district judge or a

magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice."). In *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." The Court finds that each of these factors weigh in favor of dismissal of this action without prejudice, which is a lesser sanction and appropriate in cases of noncompliance with Rule 4(m) (pursuant to the plain language of the Rule), for the reasons stated above.

Accordingly, the Court respectfully **RECOMMENDS** that the Plaintiffs' Complaint [#1] be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m) and 41(b).

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73

F.3d 1057, 1060 (10th Cir. 1996).

IT IS FURTHER **ORDERED** that the Order to Show Cause issued January 19, 2012 [#11] is made **ABSOLUTE**.

Dated:  February 22, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge